**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In re:** | : |
| | : |
| **VICTOR H. MAIA,** | : **Chapter 11** |
| | : |
| | : **Case No. 18-16907-JKF** |
| **Debtor.** | : |
| | : |

**MOTION OF DEBTOR TO ESTABLISH BAR DATES PURSUANT TO**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(a)(7) AND 3003(c)(3)**

Victor H. Maia (the "Debtor"), by and through his counsel, Obermayer Rebmann Maxwell & Hippel LLP, hereby moves this Court for an Order establishing the bar date for filing proofs of claim ("Claims") and/or interests ("Interests") in the Debtor's Chapter 11 bankruptcy case and approving the form and manner of notice thereof (the "Motion"). In support thereof the Debtor states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the requested relief are 11 U.S.C. §§ 105(a), 501 and 502, and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(a)(7), 3003(c)(3) and 5005(a).

**BACKGROUND**

2. On October 17, 2018 (the "Petition Date"), the Debtor a filed voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

3.      No request has been made for the appointment of a trustee or examiner in the Debtor's Chapter 11 Case.

4.      Since the Petition Date, the Debtor has been carefully reviewing his finances in order to determine the best course of action with regard to formulating a plan of reorganization which requires that the universe of claims against him to be determined.

5.      As part of his analysis, the Debtor and his professionals must compare Claims and Interests recorded on the official proof of claim register to those claims reflected in the Debtor's books and records and Schedules of Assets and Liabilities.

## **RELIEF REQUESTED**

6.      Pursuant to Bankruptcy Rule 3003(c)(3) this Court may set a deadline for filing Claims and Interests (the "Bar Date"), as those terms are defined by the Bankruptcy Code, against the Debtor's estate (hereinafter a "Claim" or "Interest").

7.      Pursuant to L.B.R. 9014-2(a)(7), motions under Fed. R. Bank. P. 3003(c) are to be determined without a hearing and in a Chapter 11 case must be served upon the official committee and the United States Trustee.

8.      Federal Rule of Bankruptcy Procedure 2002(a)(7) provides that at least twenty-one (21) days notice by mail of the time fixed for filing proofs of claim be given to the Debtor, the United States Trustee and all creditors of the Bar Date fixed by the Court within which Proofs of Claim shall be filed.

9.      The Debtor therefore believes that a Bar Date should be set giving the holders of the Claims or Interests at least twenty-one (21) days after the service of notice to file a Proof of Claim. The Debtor respectfully requests that March 5, 2019 be established as the general claims bar date ("General Bar Date") and April 14, 2019 be set as the governmental unit claims bar date

("Governmental Unit Bar Date"). The proposed Bar Date Notice is attached hereto as Exhibit "A" and incorporated herein.

10. The Bar Dates would apply to all persons or entities (each as defined in §§ 101(41) and 101(15), respectively, of the Bankruptcy Code) holding Claims against the Debtor (whether secured, priority, or unsecured) that arose prior to the Petition Date or Interests in the Debtor, including the following:

    a. Any person or entity whose Claim is listed in the Debtor's Schedules as "disputed," "contingent," or "liquidated" and that desires to participate in the Chapter 11 cases or share in any distribution in the Chapter 11 cases;

    b. Any person or entity whose Claim is improperly classified in the Schedules or is listed in an incorrect amount that desires to have its Claim allowed in a classification or amount other than set forth in the Schedules; and

    c. Any person or entity whose Claim against the Debtor is not listed in the Debtor's Schedules.

11. The Debtor proposes the following persons or entities would not need to file Proofs of Claim:

    a. Any person or entity that (a) agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtor is not listed as "disputed," "contingent," or "liquidated" in the Schedules;

    b. Any person or entity that has already properly filed a Proof of Claim against the Debtor;

    c. Any person or entity whose Claim against the Debtor previously has been allowed by, or paid pursuant to, an order of the Bankruptcy Court;

    d. Any person or entity asserting a Claim allowable under §§ 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expenses of the Debtor's Chapter 11 case, except as set forth in any subsequent Order of the Bankruptcy Court or a confirmed Plan of the Debtor; or

12. The Debtor seeks to retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or Interest or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

13. However, if the Debtor amends the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtor reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim. The "Amended Schedule Bar Date" shall be the later of the General Bar Date or thirty (30) days after a claimant is served with the notice of the Amended Schedule Bar Date or notice that the Debtor has amended his Schedules of Assets and Liabilities to reduce the amount of, delete, or change the status of a scheduled claim of such claimant. Notwithstanding the foregoing, nothing set forth herein will preclude the Debtor from objecting to any Claim, whether scheduled or filed, on any grounds.

14. The Debtor requests that notwithstanding anything in this Motion or the Order approving the Motion to the contrary, the holder of any Claim arising from the rejection of any executory contract or unexpired lease shall be required to file a Proof of Claim on account of such Claim against the Debtor on or before the later of (a) the General Bar Date, or (b) thirty (30) days after the effective date of such rejection.

15. Section 502(b)(9) of the Bankruptcy Code provides that governmental units shall have 180 days after the Petition Date to file Proofs of Claim. Accordingly, April 14, 2019 was set as the governmental unit claims bar date ("Governmental Unit Bar Date") in this case.

16. The Debtor further requests that pursuant to Fed. R. Bankr. P. 3003(c)(2), any person or entity that is required to file a Proof of Claim in this Chapter 11 case but fails to do so in a timely manner shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtor that such person or entity has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature of in a different classification; and (b) voting upon, or receiving distributions under any plan or reorganization in this Chapter 11 cases in respect to an Unscheduled Claim.

17. In conjunction with setting the Bar Dates, the Debtor must ensure that all interested parties receive appropriate notice of such dates. Pursuant to Bankruptcy Rule 2002(a)(7), the Debtor intends to serve a notice of the Bar Date upon all known creditors and parties in interest, in accordance with Bankruptcy Rule 9007, and all parties requesting notice pursuant to Bankruptcy Rule 2002, by United States first class mail at least twenty-one (21) days before the General Bar Date. The Debtor requests that the notice attached hereto as Exhibit "A" (the "Bar Date Notice") be approved as the form of notice provided to all creditors and parties in interest. Given the twenty-day notice period contemplated by the Debtor, creditors would have more than sufficient notice, time and opportunity to file their Proofs of Claim.

18. The Debtor proposes that for a Proof of Claim form (conforming to Official Bankruptcy Form No. B 410) to be validly and properly filed, a signed original thereof, together with accompanying documentation, must be filed by submitting a Proof of Claim with the Clerk of the Bankruptcy Court for the Eastern District of Pennsylvania, 900 Market Street, Suite 400, Philadelphia, PA 19107-4299 or by electronic means via the Bankruptcy Court's CM/ECF electronic filing system so that such Proof of Claim is actually received on or before the General Bar Date, or in the case of claims asserted by a governmental unit, on or before the

Governmental Unit Bar Date, and a copy of the Proof of Claim or Interest must also be served upon the Debtor's counsel at the following address on or before the respective Bar Dates: Michael D. Vagnoni, Esquire, OBERMAYER REBMANN MAXWELL & HIPPEL LLP, Centre Square West, 1500 Market Street, Suite 3400, Philadelphia, PA 19102.

19. The proposed Bar Date Notice will (a) advise creditors that they are able to file a Proof of Claim or Interest in this Chapter 11 case; (b) alert creditors to the consequences of failing to timely file a Proof of Claim; (c) specify the form to be used in filing a Proof of Claim or Interest; (d) set forth the Bar Dates; (e) set forth the addresses to which Proofs of Claim must be sent for filing; and (f) notify creditors that Proofs of Claim or Interests must be filed with original signatures and not by facsimile.

20. The Debtor submits that the Bar Date Notice will provide creditors with sufficient information to timely file a properly prepared and executed Proof of Claim.

21. No previous motion for the relief requested herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order in the form attached setting a Bar Date for the holders of the Claims and Interests, approving the attached form of Bar Date Notice, and for such other and further relief.

Respectfully submitted,

Dated: February 6, 2019     By:   */s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Angela L. Baglanzis, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
*Counsel to the Debtor*

4815-8210-7014                          6