## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                       :
                                             :    Chapter 11
VICTOR H. MAIA                               :
                                             :
                                             :    Bankruptcy Case # 18-16907-JKF
            Debtor.                          :
                                             :

## OBJECTION TO DISCLOSURE STATEMENT

Andrew R. Vara, the Acting United States Trustee for Region 3, ("UST"), by and through the undersigned counsel, hereby files this objection (the "Objection") to the Disclosure Statement proposed by the Debtor-in- Possession (the "Disclosure Statement"), filed on April 12, 2019 by Victor H. Maia, (the "Debtor"). In support of this Objection, it is averred as follows:

### PRELIMINARY STATEMENT

1.      The Disclosure Statement should not be approved because it fails to provide adequate disclosure of what creditors are likely to receive and omits Exhibits referenced therein.

### BACKGROUND

2.      On October 17, 2018, the Debtor commenced the above-captioned Bankruptcy case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3.      On April 12, 2019, the Debtor filed its Disclosure Statement and Plan of Reorganization ("Plan") proposed by the Debtor.

## OBJECTION

4. Bankruptcy Code § 1125(a)(1) defines "adequate information" as: "Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor…that would enable a hypothetical reasonable investor … to make an informed judgment about the plan." The failure of the Disclosure Statement to provide interested parties with a realistic understanding of what they will receive is an insurmountable hurdle to approval. A Disclosure Statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution.

5. In particular, the Disclosure Statement fails to disclose:

a. Interest rate to be paid on priority tax claim(s);

b. Sufficient information as to periodic payments of arrearages on secured claims;

c. Timing and amount of installments and interest rate on nonconsensual secured claims;

d. Percentage and timing of payments of general unsecured claims;

e. Percentage of pro-rata distributions to general unsecured litigation creditors;

f. Liquidation Analysis missing (Exhibit D left blank)

g. Funding analysis missing (Exhibit E left blank);

h. Future ability to make payments analysis missing, i.e. the projected disposable income of the debtor is missing (Exhibit F left bank); and

i. Sufficient description regarding the discharge provisions for chapter 11 individual debtor.

WHEREFORE, for the foregoing reasons, The UST respectfully submits that Debtor's Disclosure Statement cannot be approved as presented and the underlying Motion therefore should be denied.

        Respectfully submitted,

        **Andrew R. Vara**
        **ACTING UNITED STATES TRUSTEE**
        **Region 3**

Dated: April 24, 2019    BY: */s/ George M. Conway*_____
        George M. Conway, Esquire
        Trial Attorney
        833 Chestnut Street, Suite 500
        Philadelphia, PA 19107
        Tel: 215-597-4411